UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY WORD, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:07CV01687 RWS |
| RAILWORKS TRACK SERVICES, INC. and NORANDA ALUMINUM, INC., d/b/a ST. JUDE INDUSTRIAL PARK, | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Tommy Word's Motion to Remand [#14].

Word filed a lawsuit against Defendants Railworks Track Services, Inc. and Noranda Aluminum Inc. ("Noranda"), d/b/a St. Jude Industrial Park, in the Circuit Court for the City of St. Louis, Missouri. Defendants removed the suit to this Court based on diversity of citizenship under 28 U.S.C. § 1332. Defendants assert that this Court has subject matter jurisdiction because complete diversity exists among and between the parties.

Word has filed a motion to remand pursuant to 28 U.S.C. § 1447(c). He contends that diversity of citizenship does not exist because he and Noranda are both citizens of the state of Missouri. Specifically, Word alleges that Noranda's principal place of business is in the state of Missouri and not in the state of Tennessee as represented in the Notice of Removal. Because I find that the parties in this case are diverse, I will deny Word's motion to remand.

*Background*

The parties in this case do not dispute that the amount in controversy requirement under 28 U.S.C. § 1332 has been satisfied. Rather, Word's Motion to Remand centers on the diversity of the parties. Word moves to remand this matter to the Circuit Court for the City of St. Louis, Missouri, on the ground that diversity of citizenship does not exist because both he and Noranda are citizens of the state of Missouri. Word argues that Noranda's principal place of business is in the state of Missouri and not in the state of Tennessee as contended in the Notice of Removal.

Word alleges that the production and sale of metals is Noranda's most significant activity. The "About Us" section of Noranda's website reveals that Noranda's Primary Products Complex, its New Madrid facility, is located in Southeast Missouri. Noranda currently produces 254,000 metric tons of metal at the New Madrid facility, and Noranda's website does not mention any other facility for the production of metals. Aluminum is shipped from the New Madrid facility to customers throughout the United States and abroad. Additionally, Noranda's sales division is headquartered in Missouri, and persons seeking employment are told to mail resumes to Noranda at an address in New Madrid, Missouri. Noranda's New Madrid operation employs 1,100 people with an annual payroll of approximately $60 million dollars.

Noranda argues that its New Madrid Facility is just one element of its business operations, which includes both primary metal "upstream" and rolling mills "downstream" business operations. Noranda was incorporated in Delaware in 1968 and its corporate offices are currently located in Williamson County, Tennessee. In addition to New Madrid, Missouri, other major facilities, for the other phases of operations, are located in Jamaica, West Indies; Huntingdon, Tennessee; Salisbury, North Carolina; and Newport, Arkansas.

*Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). Defendants removed this case from state court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Under § 1332, complete diversity of citizenship between the plaintiffs and defendants must exist, and the amount in controversy must exceed the sum or value of $75,000. Id. Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Magee v. Exxon Corp., 135 F.3d 599 (8th Cir. 1998). The burden of establishing federal court jurisdiction rests upon the party asserting jurisdiction. 4:20 Communications v. The Paradigm Company, 336 F.3d 775,779 (8th Cir. 2003).

*Discussion*

Defendants filed their Notice of Removal on September 28, 2007. Word's Motion to Remand was filed on October 18, 2007. Word's Motion to Remand is timely under 28 U.S.C. § 1447(c), which requires that motions to remand be filed within thirty days of the filing of the Notice of Removal.

For the purposes of diversity jurisdiction, an individual who is a citizen of the United States is a citizen of the state in which he or she is domiciled. Russell v. New Amsterdam Casualty Co., 325 F.2d 996, 998 (8th Cir. 1964) (citizenship and domicile are synonymous in the context of diversity jurisdiction). A corporation is a citizen of any state in which it is incorporated *and* a citizen of the state in which its principal place of business is located.

28 U.S.C. § 1332(c) (emphasis added). According to the Affidavit of Alan Brown, Noranda's Vice President of Human Resources, Noranda was incorporated in the state of Delaware in 1968.

A corporation can only have one principal place of business for the purposes of a diversity action. 28 U.S.C. § 1332(c)(1). District Courts in the Eighth Circuit have adopted the "total activity" test to determine a corporation's principal place of business. <u>Capitol Indem. Corp. v. Russellville Steel Co.</u>, 367 F.3d 831, 834-837 (8th Cir. 2004) ("District courts within the Eighth Circuit have applied the most open-ended of these tests-the 'total activity' test").

The "total activity" test is a hybrid of the "nerve center," or "locus of operations" test, and the "corporate activities" test. <u>Id.</u> at 836. Under the "nerve center" or "locus of operations" test, the court considers a corporation's principal place of business to be the location of corporate decision-makers and the location of overall control. <u>Id.</u> at 835. Under the "corporate activities" test, the court considers a corporation's principal place of business to be the location of the corporation's production and service activities. <u>Id.</u> at 836. Thus, the "total activity" test examines all corporate activities. <u>Id.</u>

In the instant case, Defendants bear the burden of establishing that complete diversity of citizenship exists among and between the parties. See <u>4:20 Communications</u>, 336 F.3d at 779 (the burden of establishing federal court jurisdiction rests upon the party asserting jurisdiction). A corporate plaintiff may establish diversity by showing that it is not a citizen of the forum state, but need not specifically prove that another state is its principal place of business. <u>Id.</u>; <u>Capitol Indem. Corp.</u>, 367 F.3d at 835.

Noranda contends that its corporate offices are located in Williamson County, Tennessee, and that its other major facilities are located in: Jamaica, West Indies; Huntingdon, Tennessee;

Salisbury, North Carolina; Newport, Arkansas; and New Madrid, Missouri. According to Noranda, its businesses consists of different phases, including its primary metal "upstream" and rolling mills "downstream" business operations.

Noranda alleges that the New Madrid aluminum smelter, the facility at issue, is part of its primary metal "upstream" business operations, and that, in addition to New Madrid, this phase of the company's operations also includes its St. Ann bauxite mine in Jamaica, West Indies and its Gramercy, Louisiana alumina refinery. Noranda indicates that it holds a 50% joint venture interest in the St. Ann bauxite mine, and that the facility produced 4.9 million metric tons of bauxite in 2006. Further, the Gramercy alumina refinery, in which Noranda also has a 50% joint venture interest, produced 1.2 million metric tons of alumina in 2006. The New Madrid aluminum smelter, which is wholly owned by Noranda, produced 560 million pounds of aluminum in 2006. Taken together, the mine, alumina refinery, and the smelter accounted for less than 50% of Noranda's total revenue in 2006. The New Madrid smelter was responsible for approximately 31% of the company's total revenue in 2006.

Noranda also asserts that its rolling mills "downstream" business operations, accounted for over 50% of the company's 2006 revenues. Noranda's facilities that contribute to this phase of the company's business operations are located in Huntingdon, Tennessee;[1] Salisbury, North Carolina; and Newport, Arkansas.

If no one state is clearly the center of corporate activity or accounts for a majority of income, more importance should be put on the location of headquarters and corporate policy

---

[1] There are two plants in Huntington, Tennessee: the "Huntington East" and "Huntington West" plants.

making.  Derda v. Ameriquest Mortg. Co., 2007 U.S. Dist. LEXIS 19773, *1, *5 (citing Associated Petroleum Producers, Inc. v. Treco 3 River Energy Corp., 692 F. Supp. 1070, 1074 (E.D. Mo. 1988)).  Williamson County, Tennessee is the location of Noranda's corporate offices.  Because no one state accounts for a majority of Noranda's income, I find that the state of Tennessee is Noranda's principal place of business for the purposes diversity jurisdiction in the instant case.

Therefore, Defendant Noranda's presence in the state of Missouri through its New Madrid facility does not destroy diversity jurisdiction.  See Smith v. Ashland, Inc., 250 F.3d 1167, 1172 (8th Cir. 2001) (citizenship based on the location of the principal place of business is valid for diversity purposes, and a corporation's additional presence in another state does not destroy diversity jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tommy Word's Motion to Remand this action to the Circuit Court for the City of St. Louis, Missouri [#14] is hereby **DENIED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2008.