UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TOMMY WORD, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:07CV01687 RWS |
| RAILWORKS TRACK SERVICES, INC., et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Noranda Aluminum, Inc.'s Motion to Dismiss, or in the alternative, for Summary Judgment [#10]. Defendant Noranda moves to dismiss Count II of Plaintiff Tommy Word's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claim against Noranda was filed more than five (5) years after the alleged incident of March 22, 2000. Further, Noranda moves to dismiss Count II on the basis that Noranda does not operate the St. Jude Industrial Park and does not own the property upon which Word was injured. I will deny Noranda's motion because I find that Word's Complaint was timely filed and that a genuine issue of material fact exists regarding the ownership and operation of St. Jude Industrial Park.

*Background*

The present action was originally filed in the Circuit Court of the City of St. Louis on August 23, 2007. The Defendants removed this action to the U.S. District Court for the Eastern District of Missouri. I denied Plaintiff Word's Motion for Remand.

This lawsuit follows a previous lawsuit between the parties concerning the same claims which was brought in the Circuit City of City of St. Louis on February 19, 2002, and

denominated Case Number 022-485. This previous case was voluntarily dismissed without prejudice by Word on November 28, 2006.

In Count II of the present action, Word alleges that on March 22, 2000, he sustained injuries while performing his duties as an equipment operator, setting and releasing handbrakes on rail cars, while at the St. Jude Industrial Park in New Madrid, Missouri. Word further alleges that Noranda owned and operated the property known as St. Jude Industrial Park. Word also alleges that Noranda built or maintained the ballasts near the rails, which Word claims were negligently constructed and maintained, causing Word to fall and be injured.

***Legal Standard***

Federal Rules of Civil Procedure Rule 12(b) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . .

Fed. R. Civ. P. 12(b).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Id.

If a 12(b)(6) motion presents matters outside of the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).

The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

<u>5 Year Statute of Limitations</u>

Section 516.120 RSMo. specifically requires that any action for injury to the person, or rights of another, not arising in contract and not otherwise enumerated, must be brought within five (5) years. §516.120(4). As the court held in Linthicum v. Calvin, 57 S.W.3rd 855, 858:

> For purposes of Section 508.010, a suit instituted by summons is "brought" whenever a plaintiff brings a defendant into a lawsuit, whether by original petition or by amended petition. This interpretation protects all party defendants equally and gives effect to the intent of the legislature in enacting Section 508.010(3).

Word was injured on March 22, 2000. Noranda was first named as a defendant in Word's Third Amended Petition in the previous state court action, which was filed on November 17, 2005, more than five years after Word's injury. However, Word's Third Amended Petition was filed with leave of the Circuit Court pursuant to Rule 55.33 of the Missouri Rules of Civil Procedure. This allowed Word's Third Amended Petition to relate back to the date of the filing of the original claims against St. Jude Communications Company. These claims were originally raised in Word's Second Amended Petition, filed in the previous action on February 25, 2004, within five years of the date of injury. Noranda filed a Motion to Dismiss Word's Third Amended Petition. Noranda's Motion to Dismiss was not ruled upon before Word voluntarily dismissed the previous action without prejudice on November 22, 2006.

Word argues that the only issue before this court is whether or not Word timely re-filed his claim within the one (1) year from the date of a non-suit, as allowed under Missouri's savings statute, Section 516.230, RSMo. Noranda argues that the actual issue before this Court is the same as Noranda raised in its Motion to Dismiss Word's Third Amended Petition - whether Word's Third Amended Petition properly relates back to the original claims against St. Jude Communications Company. Because the Circuit Court did not rule on Noranda's Motion to Dismiss prior to granting Word's voluntary dismissal of the previous action, I will first consider whether Word's Third Amended Petition properly relates back to the original claims against St. Jude Communications Company.

Rule 55.33(C) of the Missouri Rules of Civil Procedure provides that an amendment to a pleading relates back to the time of the original filing when the conduct alleged in the amended

4

pleading arose out of the same conduct, transaction or occurrence set forth in the original pleading. An amendment changing the party against whom a claim is asserted relates back if the party has received notice of the institution of the action so as not to prejudice the party's defense and the party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. I find that these requirements were met in the underlying case.

The allegations against Noranda in Word's Third Amended Petition in the underlying case, as well as in the present action, allege negligence which caused injuries to Word on March 22, 2000. The injuries and damages alleged in both of those pleadings are identical to those in Word's Second Amended Petition in the underlying case which incorrectly asserted those claims against St. Jude Industrial Park Communications Company, Inc., rather than Noranda. The allegations in the Third Amended Petition against Noranda in the underlying case arose out of the same conduct, occurrence or transaction as those against St. Jude Industrial Park Communications Company, Inc. in Word's Second Amended Petition in the underlying case. Therefore, I find that the first requirement of Rule 55.33 was met.

Noranda was also aware, before the statute of limitations ran on Words claim, that Word's Second Amended Petition sought damages for injuries suffered at St. Jude Industrial Park from those who were responsible for the maintenance of the railroad tracks at St. Jude Industrial Park. Noranda also knew, or should have known, that Word had mistakenly sued St. Jude Industrial Park Communications Company, Inc. rather than Noranda. Noranda created St. Jude Industrial Park Communication Company, Inc. and Noranda is represented by the same attorney who previously represented St. Jude Industrial Park Communications Company, Inc. Therefore, with the actual knowledge of Noranda and its attorney that Word was seeking

damages from the party or parties responsible for maintaining the tracks in the St. Jude Industrial Park, it cannot be said that Noranda was prejudiced by the relation back of the allegations in Word's Third Amended Petition.

Therefore, I find that Word timely filed his Third Amended Petition in the previous action. The remaining issue before me is whether or not Word timely re-filed his claim within the one (1) year from the date of a non-suit allowed under Missouri's savings statute, Section 516.230, RSMo. Word voluntarily dismissed the previous action without prejudice on November 22, 2006. The present action was originally filed in the Circuit Court of the City of St. Louis on August 23, 2007. Therefore, I find that Word timely re-filed his claim within the one (1) year required under Missouri's savings statute, Section 516.230, RSMo.

### St. Jude Industrial Park

Defendant Noranda further argues that Noranda never undertook the duties and responsibilities of operating and running the St. Jude Industrial Park, but rather, the Park was operated by the St. Jude Industrial Park Board. Noranda has presented the St. Jude Industrial Park Board Agreement, dated April 4, 1994, which states that the City of New Madrid has retained title to the public improvements and facilities located in the St. Jude Industrial Park. The Agreement further provides that:

> All of the above-mentioned public improvements and facilities located in the St. Jude Industrial Park *shall be under the management and control* of the St. Jude Industrial Park Board as Trustee. In addition thereto, the said Park Board shall have the further powers and duties as hereinafter set forth, all of which may be exercised or assumed at the discretion of the Board. (emphasis added).

The Agreement goes on to provide that the membership of the St. Jude Industrial Park Board shall be composed of six (6) persons, three (3) of whom are appointed by the Mayor of the City of New Madrid with the approval of the Board of Alderman of the City of New Madrid.

Paragraph 3 of the Agreement provides that remaining three (3) members of that Board shall be appointed by Noranda Aluminum, Inc. and that one of those Board members shall be denominated the St. Jude Industrial Park Manager.

The existence of this Agreement and Noranda's relationship with the City as the creator of this quasi-governmental entity was made a public document when the Agreement, dated April 4,1994, was filed in the Office of the Recorder of Deeds of New Madrid County at 3:00 p.m. on April 21, 1994. The Agreement was duly recorded in the records of the Office of the Recorder of Deeds in Book 489 at Page 598.

In his Complaint, Word alleges that Noranda "operated the property known as St. Jude Industrial Park and built or maintained said ballast along the rails, or was responsible for building and maintaining the railroad tracks, substrata, ballast and the railroad tracks in the area where plaintiff was injured." The Agreement indicates that the activities which Word alleges in his Complaint were exercised by Noranda Aluminum, Inc. were, in fact, performed by the St. Jude Industrial Park Board. The powers and duties of the St. Jude Industrial Park Board were detailed in that Agreement in Paragraph 5 to include, but not limited to:

> a) to operate and maintain Park utilities and facilities;
> b) to expand Park utilities and facilities as required to provide for Park tenants requirements;
> c) to establish and maintain a fund from St. Jude Industrial Park income for the purpose of providing services to tenants and other purposes of the Trust.

However, Word has provided the depositions of Noranda employees, George Swogger, Noranda's registered agent, and Fred Turner, the superintendent of St. Jude Industrial Park, which provide evidence that Noranda participated in the operation and maintenance of St. Jude Industrial Park despite the language of the Agreement. Swogger testified that Noranda contracted with outside vendors for maintenance of the tracks within the complex, even those

parts of the complex which were not on property actually owned by Noranda. Fred Turner testified that part of his function as a Noranda employee and Superintendent of the Park included overseeing the maintenance of the park including the railroad tracks inside the Park complex.

Viewing the evidence in the light most favorable to Word, I find that there is a genuine issue of material fact regarding who operated and maintained St. Jude Industrial Park. Therefore Noranda is not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Noranda Aluminum, Inc.'s Motion to Dismiss, or in the alternative, for Summary Judgment [#10] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2008.